■ SAMUEL MAURO et al., Respondents, v TECHNI-PLATE, INC., et al., Appellants, et al., Defendants. — In an action, *inter alia,* to recover damages for breach of contract, the appeal is from an order of the Supreme Court, Westchester County (Marbach, J.), dated August 25, 1982, which denied the appellants' motions to dismiss plaintiffs' complaint as to them and granted plaintiffs' cross motion, *inter alia,* to restore the case to the Trial Calendar. Order reversed, on the facts and in the exercise of discretion, with costs, appellants' motions to dismiss the complaint as to them are granted, and plaintiffs' cross motion is denied. "CPLR 3404 deems abandoned an action marked off the calendar and not restored within a year. To restore an action requires an acceptable excuse and an evidentiary showing of merit" (*Shea v City of New York,* 77 AD2d 21, 23; *Rothenberg v Parkway Exterminating Co.,*

90 AD2d 497). Plaintiffs' excuse that they were searching for a document requested by appellants is not only vague and conclusory but it accounts for only a portion of the time elapsed. Moreover no reason is advanced why the document could not have been located earlier or why a note of issue could not have been filed in its absence. Plaintiffs' failure to timely move to restore their case can only be denominated unacceptable law office failure (*Shea v City of New York, supra; Rothenberg v Parkway Exterminating Co., supra;* cf. L 1983, ch 318). Gibbons, J. P., Thompson, Gulotta and Boyers, JJ., concur.